Case 2:18-cv-00188   Document 25   Filed on 11/19/19 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
November 19, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT SEAN MILLIGAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-188 |
| | § | |
| NUECES COUNTY TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION TO GRANT DEFENDANT FRANCISCO CAMPOS'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Robert Sean Milligan, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is a Motion for Summary Judgment filed by Francisco Campos. (D.E. 21). For the reasons stated herein, it is respectfully recommended that the Court GRANT this motion.

**I.    JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**II.   PROCEDURAL BACKGROUND**

At the time Plaintiff filed this lawsuit, he was confined at the San Patricio County Jail in Sinton, Texas. Plaintiff's allegations, however, arise in connection with his previous stay as a pretrial detainee at the Nueces County Jail (NCJ) in Corpus Christi, Texas. In this action, Plaintiff sues Nueces County, the Nueces County Sheriff's Department, and Officer Francisco Campos. (D.E. 1). Plaintiff alleges that he was a

victim of excessive force and sexual harassment by Officer Campos. He seeks monetary relief.

On August 2, 2018, the undersigned ordered service of Plaintiff' complaint on each of the named Defendants. (D.E. 7). On September 20, 2018, Officer Campos filed his answer. (D.E. 10). That same day, Defendants Nueces County and Nueces County Sheriff's Department filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. 9). On February 14, 2019, the undersigned issued a Memorandum and Recommendation (M&R), recommending that the motion to dismiss be granted and that Defendants Nueces County and Nueces County Sheriff's Department be dismissed from this case with prejudice. (D.E. 12). Senior District Judge Hilda G. Tagle subsequently adopted the M&R in its entirety. (D.E. 19).

On July 18, 2019, Officer Campos filed his Motion for Summary Judgment, contending that: (1) Plaintiff has failed to exhaust his administrative remedies; (2) Officer Campos is entitled to qualified immunity. (D.E. 21). Plaintiff has filed a response to the summary judgment motion. (D.E. 24).

### III. SUMMARY JUDGMENT EVIDENCE

Officer Campos offers the following summary judgment evidence:

App. A: Affidavit of Officer Campos (D.E. 21-1, pp. 2-3).

App.. B: Affidavit of Daniel Perez, including relevant Plaintiff's relevant grievance records (D.E. 21-1, pp. 4-32).

App.. C: Affidavit of Martin Arnold (D.E. 21-1, pp. 33-34).

Plaintiff has attached to his complaint relevant portions of the NCJ Inmate Rules and Regulations. (D.E. 24, pp. 5-6). Plaintiff's verified complaint also may serve as competent summary judgment evidence. *See Garrett v. Davis*, No. 2:14-CV-70, 2017 WL 1044969, at *3 (S.D. Tex. Mar. 20, 2017).

Like other parts of the record, Plaintiff's verified complaint must satisfy Federal Rule of Civil Procedure 56(c) in order to be considered at summary judgment. *See Mengele v. AT&T Servs. Inc.*, No. 3:15-cv-3934, 2017 WL 3835871, at *3 (N.D. Tex. Aug. 9, 2017) ("[T]he verified complaint and sworn interrogatory answers of the *pro se* litigant can be considered as summary judgment evidence *to the extent that such pleadings comport with the requirements of current Rule 56(c)*.") (emphasis added) (citations omitted). The undersigned, therefore, will not consider parts of Plaintiff's verified complaint that are not made on personal knowledge or that would be inadmissible in evidence. *See* Fed. R. Civ. P. 56(c)(4). Accordingly, the competent summary judgment evidence establishes the following:

**A.   Plaintiff's Evidence**

*(1) Verified Complaint*

Plaintiff alleged the following facts in his complaint. On March 21, 2017, Officer Campos and two unidentified officers "escorted" Plaintiff into one of the NCJ's restrooms. One officer shoved Plaintiff, causing Plaintiff to lose his balance and strike his head on the back wall of the restroom. Plaintiff was then forced to strip naked. Once naked, Officer Campos ordered Plaintiff to turn around, bend over, and spread his buttocks. Officer Campos referred to Plaintiff as a "long-haired faggot." Despite words

3 / 13

being exchanged between Plaintiff and Officer Campos, Plaintiff otherwise complied with Officer Campos's request to squat and cough. While Plaintiff was squatting, Officer Campos kicked Plaintiff in the scrotum. After Plaintiff put on his clothes, Officer Campos warned Plaintiff that he would be charged with assaulting a police officer if Plaintiff said anything about what had occurred in the restroom.

### (2) NCJ Inmate Rules and Regulations

The NCJ Inmate Rules and Regulations permit inmates to file a grievance anytime they have been subjected to violations of their civil rights. (D.E. 24, p. 6). These rules and regulations further provide "[i]f the grievance concerns allegations of assault by a county employee, then write straight to the I.G. office." (D.E. 24, p. 6).

### B. Officer Campos's Evidence

### (1) Officer Campos's Affidavit

Officer Campos stated in his affidavit that, on March 21, 2017, he arrested Plaintiff for unauthorized use of a motor vehicle, evading arrest with a motor vehicle, and for violations of his parole in connection with possession of dangerous drugs and evading arrest with a vehicle. (D.E. 21-1, p. 2). Officer Campos further stated he informed jail staff of the possibility that Plaintiff was concealing narcotics on his person. (D.E. 21-1, p. 3). According to Officer Campos, Plaintiff was escorted into a restroom where two correctional officers conducted a strip search and discovered that Plaintiff did not have any drugs. (D.E. 21-1, p. 3). Officer Campos stated that, after Plaintiff was strip searched, he was escorted out of the restroom without incident. (D.E. 21-1, p. 3).

### *(2) Plaintiff's Grievance Records*

On May 28, 2017, Plaintiff requested a grievance officer in connection with a completed Inmate Communication Form (ICF) regarding an incident where jail officials forced Plaintiff not to comply with a dentist's instructions. (D.E. 21-1, pp. 4-6). In an ICF dated June 9, 2017, Plaintiff acknowledged his understanding of the grievance procedure which directed him to present a formal grievance to "IG Investigators." (D.E. 21-1, p. 14). On June 15, 2017, Plaintiff filed a formal grievance regarding the dentist's instructions. (D.E. 21-1, p. 32). On April 16, 2018, Plaintiff filed another formal grievance regarding the mishandling of his mail. (D.E. 21-1, p. 31). During his time at the NCJ, Plaintiff did not file any formal grievances against Officer Campos. (D.E. 21-1, p. 4).

### *(3) Affidavit of Martin Arnold*

Martin Arnold, the Assistant Chief Deputy of Jail Operations for the Nueces County Sheriff's Office, stated in his affidavit that copies of the entire NCJ grievance procedures are posted at each housing unit and purposely placed at eye level for the inmates to see them. (D.E. 21-1, p. 33). He further stated that:

> For allegations of assault by a county employee, inmates are permitted to bypass the informal process and write to the grievance officer. An inmate can accomplish this by filing out an [ICF], and selecting "Grievance Officer" under services requested.

(D.E. 21-1, pp. 33-34).

## IV. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.* Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact. "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

V. **DISCUSSION**

In his summary judgment motion, Officer Campos seeks dismissal of Plaintiff's claims against him for failure to exhaust his administrative remedies. (D.E. 21, pp. 5-9). The Prison Litigation Reform Act, 42 U.S.C. § 1997e, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. *Booth v. Churner*, 532 U.S. 731, 734 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). Because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 215 (2006).

Prisoners, however, are only required to exhaust administrative remedies that are actually "available" to them. *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015). An administrative remedy is considered unavailable when officials are "unable or consistently unwilling to provide any relief," the administrative remedy scheme is "so opaque that it becomes, practically speaking, incapable of use" by an ordinary prisoner, or "when prison administrators thwart inmates from taking advantage of a grievance

process through machination, misrepresentation or intimidation." *See Ross v. Blake*, 136 S. Ct. 1850, 1859–61 (2016).

Nueces County has an inmate grievance procedure. (D.E. 21, pp. 33-34; 24, pp. 5-6). According to the NCJ grievance procedure, "inmates are allowed to file a grievance anytime they allege they have been subjected to: 1. Violation of Civil Rights ...; 4. Prohibited Act by Staff." (D.E. 24, p. 6). The grievance procedure supplements but does not replace any informal grievance procedure. Thus, before filing a grievance, an inmate should take unspecified actions to resolve the matter informally. (D.E. 24, p. 6). The grievance form also indicates that "If the grievance concerns allegations of assault by a county employee, then write straight to the I.G. office." (D.E. 24, p. 6). Mr. Arnold, the Assistant Chief Deputy of Jail Operations for the Nueces County Sheriff's Office, elaborated as follows with respect to the NCJ grievance procedure:

> For allegations of assault by a county employee, inmates are permitted to bypass the informal process and write to the grievance officer. An inmate can accomplish this by filing out an [ICF], and selecting "Grievance Officer" under services requested.

(D.E. 21-1, pp. 33-34).

Officer Campos contends in his summary judgment motion that Plaintiff failed to exhaust his available administrative remedies during the time he was housed at the NCJ. (D.E. 21, p. 8). According to Officer Campos, the fact that Plaintiff was transferred to another facility, the San Patricio Jail, over a year after the incident occurred does not excuse exhaustion. (D.E. 21, p. 8). Lastly, Officer Campos contends that Plaintiff failed

to allege or show that he was denied access to the NCJ grievance procedure. (D.E. 21, p. 9).

Plaintiff responds that he was not in custody at the NCJ at the time he filed this action. (D.E. 24, p. 2). Plaintiff states that, once he was transferred to the San Patricio County Jail, he reported the incident involving Officer Campos to the "I.G. Officer of Nueces County," who failed to respond. (D.E. 24, p. 4). Plaintiff contends that the NCJ grievance procedure was effectively rendered unavailable during his time at the NCJ because he was threatened by Officer Campos with retaliation if he had attempted to notify anyone of the alleged assault. (D.E. 24, p. 3).

A fair reading of the relevant portion of the NCJ grievance procedure reveals that Plaintiff was permitted to file a grievance at any time he was an inmate at the NCJ. (D.E. 24, p. 6). The competent summary judgment evidence presented further shows that: (1) Plaintiff was well aware of the NCJ grievance procedure during his time in custody as he had filed several informal and formal grievance on other matters; (2) Plaintiff failed to file any grievance against Officer Campos during his time in custody at the NCJ; and (3) Plaintiff was transferred to the San Patricio Jail sometime after April 2018. (D.E. 21-1, pp. 4-32). Plaintiff's subsequent transfer to another jail facility over a year after the alleged incident does not excuse his failure to avail himself of the NCJ grievance procedure while he was housed at the NCJ. *See Hill v. Epps*, 169 F. App'x 199, 201 (5th Cir. 2006).

Plaintiff primarily contends that the NCF grievance procedure was rendered unavailable to him due to threats of retaliation that placed him in fear of his safety in the

event he reported the March 21, 2017 assault by Officer Campos. (D.E. 24, p. 3). Plaintiff alleged in his complaint that Officer Campos warned Plaintiff that he would be charged with assaulting a police officer if Plaintiff said anything about what had occurred in the restroom on March 21, 2017.

While it is true that Plaintiff's sworn complaint is competent summary judgment evidence, the Fifth Circuit has held that a non-movant cannot satisfy his summary judgment burden with "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Hathaway v. Bazany,* 507 F.3d 312, 319 (5th Cir. 2007). Plaintiff has come forward with no evidence to establish a genuine issue of material fact as to whether the administrative remedies at the NCJ were unavailable to him during his stay in custody.

Officer Campos stated in his affidavit that, after Plaintiff was strip searched, he was escorted out of the restroom without incident. (D.E. 21-1, p. 3). No evidence has been presented by Plaintiff showing that any officials at the NCJ, including Officer Campos, actually prevented Plaintiff from filing any informal grievances or formal grievances in accordance with jail policy. *See Grafton v. Hesse*, No. 17-3346, 2019 WL 4071753, at *1 (2d Cir. Aug. 29, 2019) (citing *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 178 (2d Cir. 2006)) (holding that prison administrative remedies remain available where no affirmative action has been undertaken by prison officials to prevent prisoners from pursuing such remedies). Rather, as discussed above, the uncontroverted evidence demonstrates that Plaintiff availed himself of the NCJ grievance procedure on several occasions without any issues.

Thus, even when viewing the competent summary judgment in a light most favorable to Plaintiff, Plaintiff has failed to exhaust the administrative remedies available to him at the NCF. Furthermore, no evidence has been presented to excuse his failure to exhaust his claims against Officer Campos. Accordingly, Officer Campos is entitled to summary judgment in his favor and dismissal of Plaintiff's excessive force claim with prejudice for lack of exhaustion.[1]

## VI. RECOMMENDATION

Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) prior to filing suit, and there are no circumstances to excuse exhaustion. Thus, it is respectfully recommended that Officer Campos's Motion for Summary Judgment (D.E. 21) be GRANTED and that Plaintiff's claims against Officer Campos be DISMISSED with prejudice for failure to exhaust.[2]

Respectfully submitted this 19th day of November, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal for failure to exhaust is generally without prejudice. However, because Plaintiff cannot now avail himself of the NCJ grievance procedure and the failure to exhaust cannot be cured, dismissal with prejudice is appropriate in this case. *See Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) (holding that dismissal with prejudice warranted when administrative relief is time barred or otherwise precluded).

[2] Because the undersigned recommends dismissal of this action for failure to exhaust, it is unnecessary to consider Officer Campos's alternative ground that he is entitled to qualified immunity as to Plaintiff's underlying claims.

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).